<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Bryan Enrique Carchipulla Espinoza, <br><br> *Petitioner*, <br><br> v. <br><br> Pam Bondi, *et al.* <br><br> *Respondents*. | Civil Action No. 25-cv-18871 <br><br> **OPINION** <br><br> May 27, 2026 |

**SEMPER, District Judge**

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Bryan Enrique Carchipulla Espinoza ("Petitioner") pursuant to 28 U.S.C. § 2241, challenging the legality of his continued immigration detention.  (ECF No. 1.)  The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, the Petition is **GRANTED IN PART**.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner commenced this action on December 22, 2025 by filing a habeas petition under 28 U.S.C. § 2241, asserting that his continued immigration detention is unlawful.  (ECF No. 1.) Petitioner challenged his detention under 8 U.S.C. § 1225 and sought release or, alternatively, an individualized bond hearing.  (*Id.*)

By Text Order dated January 7, 2026, the Court determined—consistent with *Rivera Zumba v. Bondi,* No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025) (interpreting § 1225(b)(2)), *Rivas Rodriguez v. Rokosky,* No. 25-17419 (CPO), 2025 WL 3485628 (D.N.J. Dec.

3, 2025) (interpreting § 1225(b)(1)), and other recent decisions in this District interpreting 8 U.S.C. § 1225—that Petitioner is properly detained under 8 U.S.C. § 1226(a), and therefore entitled to an individualized bond hearing.  (ECF No. 2.)  The Court ordered Respondents to provide such a hearing no later than January 13, 2026, and to report the outcome.  (*Id*.)  The Court additionally enjoined Respondents from removing Petitioner during the pendency of these proceedings.  (*Id*.)

An Immigration Judge conducted a bond hearing on January 13, 202[6] and denied bond, finding Petitioner posed a flight risk.  (ECF No. 4.)  The hearing transcript reflects that Petitioner appeared with counsel, submitted documentary evidence concerning his community ties and medical condition, and argued that he was neither dangerous nor a flight risk.  (ECF No. 10-1.)  During the hearing, counsel supplemented the record with additional medical documentation concerning Petitioner's HIV-positive diagnosis, elevated liver enzymes, and treatment history.  (*Id*. at 13–14.)  Judge Rastegar ultimately concluded that although Petitioner did not present a danger to the community, he constituted a flight risk based upon, among other things, his recent entry into the United States, pending removal order, and lack of corroborating documentation regarding employment and residence.  (*Id*. at 15–17.)

Thereafter, Petitioner moved to substitute counsel.  (ECF No. 5.)  Respondents opposed the requested substitution.  (ECF No. 6.)  Petitioner replied.  (ECF No. 7.)  By Text Order dated April 30, 2026, the Court granted the motion, finding no showing that substitution would result in undue delay, prejudice, or disruption of the proceedings.  (ECF No. 8.)

On May 8, 2026, Petitioner filed a letter challenging the adequacy of the January 13, 2026 hearing and alleging that it did not comport with due process and was fundamentally unfair.  (ECF No. 9.)  Respondents opposed, arguing that the hearing satisfied due process and that this Court

lacks jurisdiction to reweigh the Immigration Judge's discretionary determinations.  (ECF No. 10.) Petitioner thereafter filed a reply.  (ECF No. 11.)

## II.   LEGAL STANDARD

### a.  Habeas Jurisdiction Under 28 U.S.C. § 2241

Federal courts retain jurisdiction under 28 U.S.C. § 2241 to review the legality of immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).  A petitioner is entitled to relief if he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

### b.  Bond Hearings: Due Process and Limits on Judicial Review

Although 8 U.S.C. § 1226(e) limits judicial review of discretionary bond determinations, habeas jurisdiction remains available to ensure that detention complies with the requirements of due process.  *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-2585, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).  A fundamentally fair bond hearing requires: (1) factfinding based on a disclosed record; (2) a meaningful opportunity to be heard; and (3) an individualized determination.  *Id*.  Courts, however, may not review discretionary evidentiary determinations, credibility findings, or the ultimate weighing of the evidence.  *Id*. at *2–3.

### c.  Constitutional Limits on Prolonged Immigration Detention

Separately, the Constitution imposes an independent limitation on the duration of civil immigration detention.  The Third Circuit has read a reasonableness limitation into the statutory detention authority: detention is authorized only for a period reasonably necessary to serve the statute's regulatory objectives, and once detention becomes unreasonably prolonged the Government must justify continued custody with an individualized showing of necessity.  *See Diop v. ICE/Homeland Security*, 656 F.3d 221, 232–34 (3d Cir. 2011) (reading a "reasonableness"

limitation into INA detention authority and requiring government justification after prolonged custody); *see also Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474–75 (3d Cir. 2015) (reasonableness inquiry is fact-specific and "a function of the length of the detention"); *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 223–24 (3d Cir. 2018) (recognizing that prolonged detention may trigger heightened constitutional scrutiny). These decisions instruct courts to assess the totality of the circumstances—length of detention, likelihood of removal in the reasonably foreseeable future, who is responsible for delay, and whether conditions resemble penal incarceration—rather than applying rigid temporal rules. *See Diop*, 656 F.3d at 234.

## III.    DISCUSSION

### a.  January 13, 2026 Bond Hearing

The Court first considers whether the January 13, 2026 bond hearing satisfied due process. The record reflects that Petitioner appeared with counsel, submitted evidence, and presented arguments. (ECF No. 10 at 1.) Immigration Judge Rastegar ("Judge Rastegar") issued a decision denying bond based on a finding of flight risk. (ECF No. 10-1 at 17.)

To the extent Petitioner challenges Judge Rastegar's evaluation of evidence—such as the weight assigned to documentary submissions—those arguments fall squarely within the category of discretionary determinations that this Court lacks jurisdiction to review. *See* 8 U.S.C. § 1226(e); *Ghanem*, 2022 WL 574624, at *2–3 (observing that § 1226(e) bars review of discretionary evidentiary determinations and that mere disagreement with credibility findings does not state a constitutional claim). Disagreements regarding evidentiary weight or credibility do not, standing alone, establish a due process violation. *See Jarbough v. Attorney General*, 483 F.3d 184, 189 (3d Cir. 2007) (recasting factual or discretionary challenges as due-process claims does not confer jurisdiction to reexamine credibility determinations).

4

This Court expresses no view as to the correctness of Judge Rastegar's ultimate determination, but the record compels a finding that Petitioner received a fundamentally fair bond hearing as ordered by this Court. Any challenge to the discretionary decision of Judge Rastegar must be presented to the Board of Immigration Appeals.

### b. Constitutionality of Continued Detention

The inquiry does not end with the bond hearing. Even where a fundamentally fair hearing has been provided, this Court must independently assess whether continued detention has become constitutionally unreasonable.

Petitioner has been detained since August 22, 2025, and has now remained in immigration custody for approximately nine months. (ECF No. 1 ¶ 3; ECF Nos. 9, 10.) Although no bright-line rule governs when detention becomes constitutionally suspect, the Third Circuit has repeatedly recognized that due process concerns intensify as detention grows prolonged. *See Chavez-Alvarez,*, 783 F.3d at 478 ("beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond"); *German Santos v. Warden Pike Cnty. Correctional Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020) (identifying four nonexclusive factors relevant to whether immigration detention has become constitutionally unreasonable: the duration of detention, whether detention is likely to continue, the reasons for delay, and whether the conditions of confinement are meaningfully different from criminal punishment, while emphasizing that the inquiry is "highly fact-specific" and that no bright-line temporal rule governs).

Here, several considerations weigh heavily in favor of finding continued detention constitutionally unreasonable.

5

First, the duration of detention is substantial and continues to grow. Petitioner has remained confined for many months under civil—not criminal—authority. *See Diop*, 656 F.3d at 232–33 ("[A]t a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing."). Although Petitioner did receive a bond hearing, that hearing occurred in January 2026, approximately four months ago, and Respondents have provided no updated justification for continued detention since that time.

Second, the record does not reflect that removal is meaningfully imminent. Petitioner's immigration proceedings remain pending before the Board of Immigration Appeals, and Respondents have offered no evidence establishing that removal is reasonably foreseeable in the near term. *See Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 223–24 (3d Cir. 2018) (recognizing that prolonged detention becomes constitutionally problematic where proceedings remain ongoing and removal is not imminent).

Third, nothing in the present record suggests that Petitioner has engaged in dilatory tactics designed to prolong these proceedings. To the contrary, the procedural history reflects that Petitioner has pursued available administrative and judicial remedies in an orderly manner, including seeking review of his removal order and challenging the legality of his detention through habeas proceedings. Noncitizens who "choos[e] to exercise their legal right to challenge the Government's case against them" should not be punished for doing so. *See Chavez-Alvarez*, 783 F.3d at 476.

Fourth, the evidentiary basis supporting continued detention has materially stagnated. Respondents rely almost exclusively on the January 13, 2026 bond determination, which itself rested principally upon the existence of a pending removal order and limited

corroborating documentation concerning Petitioner's employment and residence. (ECF No. 10-1 at 15–17.) But due process requires more than perpetual reliance upon an increasingly stale custody determination. Continued civil detention must remain reasonably related to its regulatory purposes and supported by current, individualized justification. *See German Santos v. Warden Pike Cnty. Correctional Facility*, 965 F.3d 203, 213–14 (3d Cir. 2020).

The Court further notes that Judge Rastegar expressly found Petitioner was not dangerous to the community. (ECF No. 10-1 at 15.) Thus, the sole remaining rationale for continued detention is risk of flight. Yet Respondents have not supplemented the record with any post-hearing evidence demonstrating that alternatives to detention would now be inadequate to mitigate that concern. Nor have Respondents meaningfully addressed Petitioner's asserted medical conditions, including his HIV-positive diagnosis and elevated liver enzymes, in connection with the constitutional reasonableness of continued confinement.

Under the totality of these circumstances, the Court concludes that Petitioner's continued detention has crossed the line from permissible regulatory confinement into constitutionally unreasonable detention. *See Diop*, 656 F.3d at 234; *Chavez-Alvarez*, 783 F.3d at 478; *German Santos*, 965 F.3d at 211–14. Although the January 13, 2026 hearing satisfied the minimum requirements of procedural due process, Respondents have failed to carry their continuing constitutional burden to justify Petitioner's ongoing detention many months later.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that although Petitioner received a bond hearing that satisfied the minimum requirements of due process, his continued detention is no longer constitutionally permissible. Accordingly, immediate release is warranted. An appropriate Order follows.

8

_/s/ Jamel K. Semper_
**HON. JAMEL K. SEMPER**
**United States District Judge**